UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO C. LOPEZ DE ANDA,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC et al.,<br><br>Defendants. | Case No. 2:25-cv-07354-MCS-SSC<br><br>**ORDER RE: MOTION TO REMAND (ECF NO. 14)** |

1

On February 13, 2025, Plaintiff Julio C. Lopez de Anda initiated this action against Defendant General Motors LLC in the Los Angeles County Superior Court by filing a complaint that asserts claims under the federal Magnuson-Moss Warranty Act ("MMWA") and the California Song-Beverly Consumer Warranty Act ("SBA"). (*See generally* Compl., ECF No. 1-1.) Defendant removed the case to federal court on August 8, 2025, invoking the Court's diversity jurisdiction. (Notice of Removal 2–6, ECF No. 1.)

Plaintiff filed a motion to remand the case to state court. (Mot., ECF No. 14.)[1] Defendant filed a brief opposing the motion. (Opp'n, ECF No. 19.)[2] Plaintiff did not file a timely reply. (*See* Initial Standing Order § 9(b), ECF No. 8 (setting briefing deadlines departing from local rules).) The Court deems the motion appropriate for decision without oral argument and vacates the hearing set for November 10, 2025. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## I. LEGAL STANDARD

A defendant may remove a civil action brought in state court to a federal district court with original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

A party may move to remand a case to state court within 30 days after the filing of a notice of removal "on the basis of any defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c). An "untimely removal is a procedural defect" that

---

[1] The Court admonishes Plaintiff's counsel for its failure to participate in a prefiling conference of counsel. *See* C.D. Cal. R. 7-3. Notwithstanding, the Court considers the motion on its merits in the interest of judicial economy.

[2] Defendant also filed a notice of supplemental authority, which the Court considers. (Notice, ECF No. 20.)

may justify such a remand motion. *Maniar v. Fed. Deposit Ins. Corp.*, 979 F.2d 782, 784 (9th Cir. 1992).

As relevant here, where "the initial pleading set[s] forth" a claim that provides a ground for removal, the removal must be accomplished "within 30 days after the receipt by the defendant" of a copy of the pleading. 28 U.S.C. § 1446(b)(1); *see also id.* § 1446(b)(3) (providing a different deadline "if the case stated by the initial pleading is not removable").

## II. DISCUSSION

Plaintiff argues that his federal MMWA claim provided a basis for federal-question jurisdiction that was ascertainable from the face of the complaint, so Defendant's removal of the action over 30 days after service was untimely under § 1446(b)(1). (Mot. 4–5; *compare* Yang Decl. Ex. 1 ¶ 5, ECF No. 14-1 (indicating Defendant was served on Feb. 21, 2025), *with* Notice of Removal, ECF No. 1 (filed Aug. 8, 2025).) Defendant maintains that § 1446(b)(1) is not applicable because the complaint does not set forth a claim providing a ground for removal. According to Defendant, although Plaintiff pleaded a federal MMWA claim, such claims are only cognizable in federal court if they place $50,000 or more in controversy, and the amount placed in controversy by Plaintiff's MMWA claim was not clear from the face of the complaint. (Opp'n 9–12.)[3]

The Court agrees with Plaintiff that the § 1446(b)(1) clock began to run when Defendant received service because his complaint as originally pleaded was removable under the Court's federal-question jurisdiction. Acknowledging discordant authority, this Court subscribes to the position that, for the purposes of § 1446(b)(1), a pleading

---

[3] Defendant asserts that its removal was timely because it removed the action "based on its own investigation" that uncovered a basis for diversity jurisdiction, before it received a pleading that set forth a removable claim or a paper from which it could ascertain the case was removable. (Opp'n 6–7.)

3

containing an MMWA claim "set[s] forth" a federal claim removable under §§ 1331 and 1441(a) irrespective of whether the amount placed in controversy by the claim is stated or certain on the face of the complaint.

The Court begins by reviewing the MMWA itself. 15 U.S.C. § 2310(d)(1) establishes a private right of action for consumers damaged by a failure to comply with obligations under the MMWA or a written warranty, implied warranty, or service contract. In part because the warranties to which the MMWA refers are contingent on state law, *see* 15 U.S.C. § 2301(7), an MMWA claim based on breach of a written or implied warranty is effectively a federal "cause of action for express and implied warranty claims under state law." *Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027, 1032 (9th Cir. 2020); *see also Nguyen v. Nissan N. Am., Inc.*, 932 F.3d 811, 817 n.3 (9th Cir. 2019) ("[T]he Act calls for the application of state written and implied warranty law, not the creation of additional federal law." (quoting *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1012 (D.C. Cir. 1986))); *In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV TV Litig.*, 758 F. Supp. 2d 1077, 1101 (S.D. Cal. 2010) (describing the "federal cause of action" created by the MMWA that provides protections coextensive with state law).

The statute contemplates the litigation of MMWA claims in either state or federal court. 15 U.S.C. § 2310(d)(1). Whereas there are no limitations on MMWA suits brought in a state court, *id.* § 2310(d)(1)(A), suits brought in a federal district court are subject to certain limitations, *id.* § 2310(d)(1)(B). To wit:

> No claim shall be cognizable in a suit brought [in a district court]—
>
> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
>
> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs)

|   |   |
|---|---|
| 1 | computed on the basis of all claims to be determined in |
| 2 | this suit; or |
| 3 | (C) if the action is brought as a class action, and the |
| 4 | number of named plaintiffs is less than one hundred. |

*Id.* § 2310(d)(3). Congress thus limited the reach of such claims "to avoid trivial or insignificant actions being brought as class actions in the federal courts." H. R. Rep. No. 93-1107, at 42 (1974), *as reprinted in* 1974 U.S.C.C.A.N. 7702, 7724.[4]

Numerous courts have interpreted the term *cognizable* as used in § 2310(d)(3) to have jurisdictional significance. For example, the Seventh Circuit held that the MMWA "provides that federal courts do *not* have federal-question jurisdiction over breach-of-warranty actions" that are incognizable under § 2310(d)(3). *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 731 (7th Cir. 2021). The Third and Sixth Circuits are in accord. *See Rowland v. Bissell Homecare, Inc.*, 73 F.4th 177, 182 (3d Cir. 2023) ("By imposing additional requirements for federal jurisdiction, Congress manifested an intent to restrict access to federal court for MMWA claims."); *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 757 (6th Cir. 2008) ("The MMWA is a somewhat unique federal statute in that merely alleging a violation of the act is insufficient to confer federal question jurisdiction; a separate $50,000 amount in controversy requirement must also be satisfied.").

Like its sister circuit courts, the Ninth Circuit has used the term *jurisdiction* in assessing the limitations of § 2310(d)(3). In dicta, one panel observed that a plaintiff's class action MMWA "claims do not appear viable" in federal court given

---

[4] Of course, the United States Congress of 1974 likely did not have single-plaintiff defective vehicle litigation in mind when it set the floor for aggregated claims at $50,000, which at the time could have bought 12 new 1974 Chevrolet Impalas. *See* Leonard Sloane, *Personal Finance: Costs of Buying a New Car*, N.Y. Times (Sept. 16, 1974), https://www.nytimes.com/1974/09/16/archives/personal-finance-costs-of-buying-a-new-car-percentage-increases.html [https://perma.cc/HP44-RVP2].

5

noncompliance with § 2310(d)(3)(C), and that the plaintiff had not "contend[ed] that federal jurisdiction . . . can be grounded on the [MMWA]." *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 574 n.5 (9th Cir. 2004). Another panel examining a case originally filed in federal court found jurisdiction lacking where it was apparent to a legal certainty from the face of the complaint that the plaintiffs could not recover over $50,000 on their MMWA claim for breach of the warranty on their leaky motor home. *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1037–38 (9th Cir. 2004). The panel described the $50,000 floor prescribed in § 2310(d)(3)(B) as a "jurisdictional prerequisite." *Id.* at 1040. More recently, one panel described § 2310(d) as a provision that "gives federal courts jurisdiction over claims where the amount in controversy equals or exceeds a specified amount," *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018); another panel described § 2310(d)(3) as "impos[ing] specific limitations on the exercise of jurisdiction by federal courts," *Floyd*, 966 F.3d at 1032; and yet another reiterated that "federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000," *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022) (citing 15 U.S.C. § 2310(d)(3)(B)).

None of these Ninth Circuit panels, however, expressly opined on whether 15 U.S.C. § 2310(d)(1)(B) and (3)'s limitations on litigating MMWA claims in federal court concern exercise of federal-question jurisdiction under 28 U.S.C. § 1331, let alone whether a complaint that states an MMWA claim "set[s] forth" a case removable on a federal-question basis within the meaning of 28 U.S.C. § 1446(b)(1). *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 90 (1998) ("Jurisdiction . . . is a word of many, too many, meanings . . . ." (quoting *United States v. Vanness*, 85 F.3d 661, 663 n.2 (D.C. Cir. 1996))). For this reason, regardless of what the decisions imply about the jurisdictional significance of § 2310(d)(3), they are not binding on the issue before this Court. *See CPC Pat. Techs. PTY Ltd. v. Apple, Inc.*, 34 F.4th 801, 809 (9th Cir. 2022) ("[U]nstated assumptions on non-litigated issues are not precedential holdings binding

future decisions." (alteration in original) (quoting *Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985))).

First principles of federal-question jurisdiction militate a conclusion that § 2310(d)(3) prescribes *prudential*, not *jurisdictional*, limitations on federal MMWA litigation.[5] District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law within the meaning of § 1331 if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (cleaned up). Congress saw fit to create "a federal private cause of action" when it enacted the MMWA over 50 years ago. *Milicevic v. Fletcher Jones Imps., Ltd.*, 402 F.3d 912, 917 (9th Cir. 2005). Even a decision as to whether an MMWA claim meets the conditions for maintenance of the claim in federal court turns on federal law. It should be axiomatic that a claim brought under the aegis of a cause of action Congress authorized arises under federal law within the meaning of § 1331.

In *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012), a unanimous Supreme Court held that "there is no serious debate that a federally created claim for relief is generally a sufficient condition for federal-question jurisdiction." 565 U.S. at 377 (internal quotation marks omitted). Thus, the presumption of concurrent jurisdiction in the state and federal courts over federal claims persists even in the face

---

[5] This position is consistent with the Court's longstanding approach to defective vehicle cases with MMWA claims. *See, e.g.*, *Kunstel v. Gen. Motors LLC*, No. 2:25-cv-06859-MCS-SSC, 2025 U.S. Dist. LEXIS 174911, at *2 (C.D. Cal. Sept. 8, 2025) (Scarsi, J.) (accepting plaintiffs' argument that their complaint stated a removable federal claim under the MMWA, so removal was untimely); *Hadley v. Tropicana Mfg. Co.*, No. 2:23-cv-06091-MCS-PD, 2023 U.S. Dist. LEXIS 137333, *4–5 (C.D. Cal. Aug. 4, 2023) (Scarsi, J.) (deeming an MMWA claim incognizable and dismissing it for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)—not for lack of jurisdiction).

of a statute that expressly prescribes that a federal claim be litigated in a state court. *See id.* at 377–79 (construing Telephone Consumer Protection Act). The Court reasoned that the district courts retain jurisdiction over federal claims under § 1331 unless a federal statute "expressly or by fair implication[] excludes federal-court adjudication." *Id.* at 379. Another unanimous Court offered a "readily administrable bright line" test:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515–16 (2006) (citation and footnote omitted).

The Ninth Circuit's decision in *Maronyan v. Toyota Motor Sales, U.S.A., Inc.*, 658 F.3d 1038 (9th Cir. 2011), is similarly instructive. There, the panel examined whether 15 U.S.C. § 2310(a), another MMWA provision that requires exhaustion of claims before seeking recovery in court, is jurisdictional. *Id.* at 1039–40. Observing that "a failure to satisfy a statutory prerequisite to filing suit deprives a court of subject matter jurisdiction only when Congress provides a sweeping and direct jurisdictional mandate," the panel majority concluded that the exhaustion requirement "does not operate as a jurisdictional bar." *Id.* at 1040, 1043.

Here, Congress did not "clearly state[]," *Arbaugh*, 546 U.S. at 515, or provide "a sweeping and direct jurisdictional mandate," *Maronyan*, 658 F.3d at 1040, that the limitations on federal litigation of MMWA claims in 15 U.S.C. § 2310(d)(1)(B) and (3) implicate subject-matter jurisdiction. Congress could have expressly incanted jurisdictional import into § 2310(d)(3)(B), as it has in other statutes creating federal rights of action, but it left the language of federal jurisdiction unspoken here. *See Arbaugh*, 546 U.S. at 515 n.11 ("Certain statutes confer subject-matter jurisdiction only . . . for actions in which the amount in controversy exceeds or falls below a stated

amount." (citations omitted)); *see also, e.g.*, 16 U.S.C. § 814 ("United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000."); 22 U.S.C. § 6713(a)(1)(B) ("The district courts of the United States shall have original jurisdiction . . . of any civil action or claim described in subparagraph (A) that does not exceed $10,000."); 28 U.S.C. § 1346(a) ("The district courts shall have original jurisdiction . . . of . . . [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount . . . ."); *but see Verizon Md. Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 644 (2002) (citing *Steel*, 523 U.S. at 90–91, for the proposition that "even a statutory provision that uses the word 'jurisdiction' may not relate to 'subject-matter jurisdiction'").

Instead, Congress decreed that a claim that fails to meet the demands of § 2310(d)(3) is not *cognizable* in a suit brought in a federal district court. The term *cognizable* is, at best, ambiguous as to its jurisdictional character. The word could mean "within the court's jurisdiction," but it also could mean "[c]apable of being known or recognized." *Cognizable*, Black's Law Dictionary (12th ed. 2024). The latter meaning finds ample support in the Ninth Circuit and Supreme Court's lexicon, including in cases discussing subject-matter jurisdiction. *See, e.g.*, *Stavrianoudakis v. U.S. Fish & Wildlife Serv.*, 108 F.4th 1128, 1137 (9th Cir. 2024) ("A plaintiff suffers a 'constitutionally cognizable injury' whenever the government succeeds in pressuring the plaintiff into forfeiting a constitutional right in exchange for a benefit or the government withholds a benefit based on the plaintiff's refusal to surrender a constitutional right." (quoting *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 607 (2013))); *United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002) ("To determine whether a given claim is cognizable under [28 U.S.C.] § 2255, we focus on the relief sought in the claim itself, not on relief sought in other claims mentioned elsewhere in the motion."); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) ("Dismissal [under Rule 12(b)(6)] can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

9

Given the bright-line rule the Supreme Court articulated in *Arbaugh*, absent an express statement that the district courts lack subject-matter jurisdiction over claims that are not *cognizable*, the Court reads the word to denote a nonjurisdictional, prudential limitation on MMWA litigation in federal court, one that does not overcome the presumption of concurrent jurisdiction of the state and federal courts.[6] Accordingly, allegations raising an inference that at least one of the subdivisions in § 2310(d)(3) is met are not necessary for an MMWA claim to set forth a claim that arises under federal law.

This disposition comports with another important principle of federal litigation: the plaintiff "is the master of the complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987). In other words, through appropriate pleading, a plaintiff may elect to litigate its case in state court "by eschewing claims based on federal law." *Id.* at 399. Put yet another way, whether to plead a federal claim is an issue that touches upon the choice of tribunal, a strategic litigation decision reserved to the plaintiff. Some California plaintiffs who bring claims relating to defective motor vehicles prefer a state-court forum and, in aid of remaining in state court, elect to assert claims under the SBA and not the MMWA even though an MMWA claim may be asserted on the same facts to vindicate the same right. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 n.2 (9th Cir. 2009) ("The substantive elements are the same under the Song-Beverly Act and Magnuson-Moss Act. Under both, the court applies state warranty law." (citations omitted)); *Cruz v. Ford Motor Co.*, No. 1:24-cv-00263-SAB, 2024 U.S. Dist. LEXIS

---

[6] The Third Circuit's decision in *Rowland*, 73 F.4th at 180–82, and the dissent in *Maronyan*, 658 F.3d at 1044–45 (Smith, J., dissenting), offer persuasive reasoning that might support the position that Congress "by fair implication[] exclude[d] federal-court adjudication" of MMWA claims that do not meet one of the subdivisions of § 2310(d)(3). *Mims*, 565 U.S. at 379. The *Maronyan* dissent is nonbinding, and the Court declines to follow *Rowland* because the panel approached the issue without applying the binding principles of federal-question jurisdiction stated in § 1331, *Mims*, and *Arbaugh* that guide this Court's analysis. *See generally* 73 F.4th at 180–82. Applying those principles, reasonable minds could disagree about the jurisdictional character of the word *cognizable* as used in § 2310(d)(3).

140674, at *14 (E.D. Cal. Aug. 7, 2024) (determining plaintiffs' MMWA claim sought to remedy the same injury already litigated in prior SBA case for the purposes of res judicata), *R. & R. adopted*, 2024 U.S. Dist. LEXIS 167541 (E.D. Cal. Sept. 16, 2024). To the extent those plaintiffs' SBA claims are not removable on diversity grounds or otherwise, the plaintiffs' decision to forego MMWA claims to help cement their place in state court should be respected. Those plaintiffs who initiate their actions in state court and plead MMWA claims do so at increased risk of losing their choice of forum through removal.

The disposition is also eminently practical. The bright-line rule to which this Court subscribes provides an easily administrable standard for defendants who prefer to litigate defective vehicle cases in federal court. If a state-court complaint states an MMWA claim, it is removable under 28 U.S.C. §§ 1331 and 1446(a).

In short, Plaintiff's complaint asserts a federal MMWA claim, which provides a basis for federal-question jurisdiction apparent from the face of the pleading, notwithstanding the lack of allegations clarifying the amount the claim places in controversy. Thus, under § 1446(b)(1), Defendant had to remove the action within 30 days of service of the complaint, which it did not. Because removal was untimely, the case must be remanded.

In connection with the motion, Plaintiff requests an award of fees incurred because of removal. (Mot. 8–9.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of fees and costs is discretionary. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005). The Court declines to exercise its discretion to issue an award given Plaintiffs' failure to comply with the Court's rules governing motions for fees. (Initial Standing Order § 10(d).)[7]

---

[7] The Court also questions the veracity of representations by counsel regarding the time incurred after removal. (Yang Decl. ¶ 11.) For example, the Court doubts that drafting

The Court remands the case to the Los Angeles County Superior Court, No. 25STCV04169. The Court directs the Clerk to effect the remand immediately and close the federal case.

**IT IS SO ORDERED.**

Dated: October 15, 2025

                                            MARK C. SCARSI
                                            UNITED STATES DISTRICT JUDGE

---

this motion required over an hour and a half of attorney time given that counsel filed several substantially identical motions in other cases assigned to this judicial officer. *See generally, e.g.*, Motion to Remand, *Alvarez v. Gen. Motors LLC*, No. 5:25-cv-01955-MCS-MAA (C.D. Cal. Aug. 15, 2025), ECF No. 14. Time spent toward most of these motions must have been saved in adapting the first that was drafted.